LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

PEDRO LAZARO *on behalf of himself,*
*FLSA Collective Plaintiffs and the Class,*

                Plaintiff,

                v.

ELEFTHERIA REST CORP.
       d/b/a DON COQUI ASTORIA,
DC 115 CEDAR NR, LLC
       d/b/a GET SOUL,
DC ON THE HUDSON LLC
       d/b/a DON COQUI
DC WHITE PLAINS LLC
       d/b/a DON COQUI,
SCF CEDAR LLC
       d/b/a SALSA CON FUEGO,
DIMITRIOS MITSIOS,
JAIME RODRIGUEZ
       a/k/a JIMMY RODRIGUEZ,
JALEENE RODRIGUEZ,
JEWELLE RODRIGUEZ,
JOHN MANGAN,
EDWARD KOBUS,
ANGEL ORTEGA,
RENE RODRIGUEZ, and
JOSEPH D. NIEVES

                Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

1

Plaintiff, PEDRO LAZARO, on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants, ELEFTHERIA REST CORP. d/b/a DON COQUI ASTORIA, DC 115 CEDAR NR d/b/a GET SOUL, LLC, DC ON THE HUDSON LLC d/b/a DON COQUI, DC WHITE PLAINS LLC d/b/a DON COQUI and SCF CEDAR LLC d/b/a SALSA CON FUEGO (together the "Corporate Defendants"), DIMITRIOS MITSIOS, JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ, JALEENE RODRIGUEZ, JEWELLE RODRIGUEZ, JOHN MANGAN, KOBUS EDWARD, RENE RODRIGUEZ, ANGEL ORTEGA and JOSEPH D. NIEVES("Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1.  Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages, and (4) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages (3) unpaid spread of hours, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

**PARTIES**

5. Plaintiff PEDRO LAZARO is a resident of New York State.

6. Defendants operate a restaurant enterprise at the following locations with the following tradenames:

    a. 28-18 31st Street, Astoria, NY 11102 (Don Coqui Astoria);

    b. 115 Cedar Street, New Rochelle, NY 10801 (Don Coqui New Rochelle);

    c. 16 Front Street, Haverstraw, NY 10927 (Don Coqui on the Hudson);

    d. 107 Mamaroneck Avenue, White Plains, NY 10601 (Don Coqui White Plains); and

    e. 2297 Cedar Avenue, Bronx, NY 10468 (Salsa Con Fuego) (together, the "Restaurants").

The Restaurants are or were engaged in related activities, shared common ownership and had a common business purpose. The Restaurants served similar Puerto Rican menu items. *See* **Exhibit A** (presenting sample Instagram posts of the same dishes). Employees were also interchangeable among the Restaurants.

7. Defendants operate the Restaurants through the following Corporate Defendants:

(a) Corporate Defendant ELEFTHERIA REST CORP. d/b/a DON COQUI ASTORIA is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 28-18 31st Street, Astoria, NY 11102 and an address for service of process located at 77-53 Main Street, Flushing, NY 11367. Defendants operate Don Coqui Astoria through Corporate Defendant ELEFTHERIA REST CORP. d/b/a DON COQUI ASTORIA.

(b) Corporate Defendant DC 115 CEDAR NR, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 115 Cedar Street, New Rochelle, NY 10801. Defendants operated Don Coqui New Rochelle through Corporate Defendant DC 115 CEDAR NR, LLC, which is currently doing business as "Get Soul."

(c) Corporate Defendant DC ON THE HUDSON LLC d/b/a DON COQUI is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 16 Front Street, Haverstraw, NY 10927 and an address of service located at 235 Terrace Road, Franklin Lakes, New Jersey 07417. Defendants operate Don Coqui through Corporate Defendant DC ON THE HUDSON LLC d/b/a DON COQUI.

(d) Corporate Defendant DC WHITE PLAINS LLC d/b/a DON COQUI is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 107 Mamaroneck Avenue, White Plains, NY 10601 and an address of service located at 115 Cedar Street, New Rochelle, NY 10801. Defendants operate Don Coqui through Corporate Defendant DC WHITE PLAINS LLC d/b/a DON COQUI.

(e) Corporate Defendant SCF CEDAR LLC d/b/a SALSA CON FUEGO is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 2297 Cedar Avenue, Bronx, NY 10468 and an address for service of process located at 778 Castle Hill Avenue, New York, NY 10473. Defendants operate Salsa Con Fuego through Corporate Defendant SCF CEDAR LLC d/b/a SALSA CON FUEGO.

8. Individual Defendants:

(a) Individual Defendant DIMITRIOS MITSIOS is an owner and principal of Corporate Defendant ELEFTHERIA REST. CORP. d/b/a DON COQUI ASTORIA. DIMITRIOS

MITSIOS exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiffs, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all times, employees could complain to DIMITRIOS MITSIOS regarding any of the terms of their employment, and DIMITRIOS MITSIOS would have the authority to effect any changes to the quality and terms of employees' employment. DIMITRIOS MITSIOS ensured that employees effectively serve customers and that the business is operating efficiently and profitably. DIMITRIOS MITSIOS exercised functional control over the business and financial operations of all Corporate Defendants and could reprimand employees.

(b) Individual Defendant JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ is an owner and equity interest holder of Corporate Defendants ELEFTHERIA REST CORP. d/b/a DON COQUI ASTORIA and DC 115 CEDAR NR, LLC. JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiffs, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all relevant times, employees could complain to JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ regarding any of the terms of their employment, and JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ would have the authority to effect any changes to the quality and terms of employees' employment. JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ ensured that employees effectively serve customers and that the business is operating efficiently and profitably. JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ exercised functional control over

the business and financial operations of all Corporate Defendants and could reprimand employees.

(c) Individual Defendant JALEENE RODRIGUEZ is a co-principal of Corporate Defendant DC 115 CEDAR NR, LLC. JALEENE RODRIGUEZ, the daughter of Individual Defendant JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ, exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiffs, FLSA Collective Plaintiffs and the Class, she exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. JALEENE RODRIGUEZ exercised functional control over the business and financial operations of all Corporate Defendants. Defendant had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class members and could reprimand employees.

(d) Individual Defendant JEWELLE RODRIGUEZ is a co-principal of Corporate Defendant DC 115 CEDAR NR, LLC. JEWELLE RODRIGUEZ, the daughter of Individual Defendant JAIME RODRIGUEZ a/k/a JIMMY RODRIGUEZ, exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiffs, FLSA Collective Plaintiffs and the Class, she exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. JEWELLE RODRIGUEZ exercised functional control over the business and financial operations of all Corporate Defendants. Defendant had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class members and could reprimand employees.

(e) Individual Defendant JOHN MANGAN is a principal of Corporate Defendant DC ON THE HUDSON LLC d/b/a DON COQUI. JOHN MANGAN exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. JOHN MANGAN exercised functional control over the business and financial operations of all Corporate Defendants. Defendant had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

(f) Individual Defendant EDWARD KOBUS is a co-principal of Corporate Defendant DC ON THE HUDSON LLC d/b/a DON COQUI. EDWARD KOBUS exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. EDWARD KOBUS exercised functional control over the business and financial operations of all Corporate Defendants. Defendant had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

(g) Individual Defendant RENE RODRIGUEZ is a principal of Corporate Defendant DC WHITE PLAINS LLC d/b/a DON COQUI. RENE RODRIGUEZ exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, she exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and

(iv) otherwise affect the quality of employment. RENE RODRIGUEZ exercised functional control over the business and financial operations of all Corporate Defendants. Defendant had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

 (h) Individual Defendant ANGEL ORTEGA is a co-principal of Corporate Defendant DC WHITE PLAINS LLC. ANGEL ORTEGA exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, she exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. ANGEL ORTEGA exercised functional control over the business and financial operations of all Corporate Defendants. Defendant had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees.

 (i) Individual Defendant JOSEPH D. NIEVES is a principal of Corporate Defendant SCF CEDAR LLC d/b/a SALSA CON FUEGO. JOSEPH D. NIEVES exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. JOSEPH D. NIEVES exercised functional control over the business and financial operations of all Corporate Defendants. Defendant had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members and could reprimand employees. At all relevant times, each of the Corporate

Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

9. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

12. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

13. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

14. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

15. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

16. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper minimum wages, (ii) failing to pay overtime premiums for hours worked in excess of forty (40) in a workweek, (iii) failing to pay spread of hours premium, (iv) failing to provide Class members with proper wage statements with every payment of wages, and (v) failing to properly provide wage notices to

Class members, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

17. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

18. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or

varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

20. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

   b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

   c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

   d. Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

    e.    Whether Defendants improperly paid Plaintiff and Class members on a fixed salary basis, when New York Law requires that all non-exempt employees be paid on an hourly basis;

    f.    Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

    g.    Whether Defendants provided proper wage statements informing) all non-exempt employees of information required to be provided on wage statements under the New York Labor Law;

    h.    Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

    i.    Whether Defendants paid Plaintiff and Class members the proper minimum wage for all hours worked;

    j.    Whether Defendants properly compensated Plaintiff and Class members their proper overtime under state law;

    k.    Whether Defendants paid Plaintiff and Class members the New York State "spread of hours" premium when their workdays exceeded ten hours.

## STATEMENT OF FACTS

21.    In or about June 2013, Plaintiff LAZARO was hired by Defendants to work as a food preparer and porter at Defendants' Don Coqui White Plains restaurant, located at 107 Mamaroneck Avenue, White Plains, NY 10601. Plaintiff LAZARO worked for Defendants until in or about March 2020.

22. From the start of his employment with Defendants until or around December 2014, Plaintiff LAZARO was regularly scheduled to work sixty-three (63) hours per week from 7:00 a.m. to 4:00 p.m. for seven (7) days a week. From or about January 2015 until the end of his employment with Defendants, Plaintiff LAZARO regularly worked fifty-four (54) hours per week from 700 a.m. to 4:00 p.m. for six (6) days a week.

23. Throughout his entire employment with Defendants, Plaintiff LAZARO was paid below the New York State minimum wage. From the start of Plaintiffs employment with Defendants until in or about March 2020, he was also paid below the federal minimum wage rate. Specifically, from the start of Plaintiff LAZARO's employment with Defendants to in or about December 2014, Plaintiff was paid an fixed salary of $90 per day. From in or about January 2015 until the end of Plaintiff's employment with Defendants, Plaintiff LAZARO was paid a fixed salary of $120 per day. Class members were similarly paid on a fixed salary daily rate basis. At all time there were no agreement that the fixed salary covered overtime hours.

24. At all relevant times, Plaintiff LAZARO, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime premium rate of time and one half of their regular hourly rate for each hour exceeding forty (40) hours per workweek in violation of the FLSA and NYLL.

25. Plaintiff and the Class had workdays that regularly exceeded ten (10) hours in length. Defendants never paid them the "spread of hours" premium as required by NYLL.

26. Defendants failed to provide Plaintiff and the Class members with proper wage notices at hiring and annually thereafter. Plaintiff did not receive any wage notice either upon being hired or annually since the date of hiring in violation of the New York Labor Law.

27. Plaintiff and Class members received wage statements that were not in compliance with the New York Labor Law. Plaintiff LAZARO and other non-exempt back of the house employees received fraudulent wage statements. Specifically, these wage statements were fraudulent because non-exempt back of the house employees were paid on an illegal fixed salary basis and Defendants provided wage statements that indicated the number of days Plaintiff LAZARO worked under "hours," instead of actual hours worked, and the rate was incorrect as it was not his hourly rate, but his daily rate. Moreover, Defendants provided wage statements that failed to clearly provide, among others, Defendants' phone number, address and dates covered by the payment.

28. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members.

29. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff, FLSA Collective Plaintiffs and Class members.

30. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and the Class for workdays that exceeded ten (10) hours in length.

31. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

32. Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the New York Labor Law.

33. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

34. Plaintiff realleges and reavers Paragraphs 1 through 33 of this class and collective action Complaint as fully set forth herein.

35. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

36. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

37. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

38. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and FLSA Collective Plaintiffs for their hours worked.

39. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

40. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

41. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

43. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

44. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

45. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, plus an equal amount as liquidated damages.

46. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

## VIOLATION OF THE NEW YORK LABOR LAW

47. Plaintiff realleges and reavers Paragraphs 1 through 46 of this class and collective action Complaint as fully set forth herein.

48. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

49. Defendants willfully violated the rights of Plaintiff and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

50. Defendants failed to properly notify employees of their overtime rate, in direct violation of the New York Labor Law.

51. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

52. Plaintiff and Class members regularly worked more than ten (10) hours in a workday. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay a "spread of hours" premium for each day they worked ten or more hours.

53. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law. Defendants failed to provide wage statements that satisfied statutory requirements under the NYLL because the wage statements were missing Defendants' telephone phone numbers and because Defendants failed to disclose the proper overtime rate of pay and overtime hours worked.

54. Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

55. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid overtime, unpaid minimum wage, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage and spread of hours premium pursuant to the New York Labor Law;

h. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: March 29, 2021

                                         Respectfully submitted,

                          By: */s/ C.K. Lee*
                                  C.K. Lee, Esq.

                                  LEE LITIGATION GROUP, PLLC
                                  C.K. Lee (CL 4086)
                                  Anne Seelig (AS 3976)
                                  148 West 24th Street, 8th Floor
                                  New York, NY 10011
                                  Tel.: 212-465-1188
                                  Fax: 212-465-1181
                                  *Attorneys for Plaintiff,*
                                  *FLSA Collective Plaintiffs and the Class*